## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 14 2018, 9:19 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Daniel W. Sherman
Valparaiso, Indiana

ATTORNEY FOR APPELLEE
LAKES OF THE FOUR SEASONS
PROPERTY OWNERS
ASSOCIATION, INC.

Brian E. Less
Law Office of Brian E. Less, PC
St. John, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tricia Dennis, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> R&M Construction, Inc. and the Lakes of the Four Seasons Property Owners Association, Inc.,[1] <br> *Appellees-Defendants.* | September 14, 2018 <br><br> Court of Appeals Case No. 18A-CT-425 <br><br> Appeal from the Porter Superior Court <br><br> The Honorable Roger V. Bradford, Judge <br><br> Trial Court Cause No. 64D01-1408-CT-7036 |

---

[1] While counsel for R&M Construction, Inc. filed an appearance, he did not file an appellate brief or otherwise participate in this appeal.

**Bradford, Judge.**

# Case Summary

[1] Tricia Dennis owns a home in the Lakes of the Four Seasons subdivision. Dennis claims to have experienced drainage issues after R&M Construction ("R&M") started construction on the lot adjacent to Dennis's property. Dennis filed suit against R&M, the Lakes of the Four Seasons Property Owners Association, Inc. (the "Association"), and a number of other parties.[2] The Association was dismissed from the lawsuit after the trial court found that it did not owe a duty to Dennis. On April 12, 2016, Dennis requested permission to file a second amended complaint in which she sought to amend her claims against the Association and bring the Association back into the lawsuit. The Association objected, arguing that it would suffer undue prejudice if Dennis were granted the requested relief. Following a hearing, the trial court denied Dennis's request. Dennis argues on appeal that the trial court abused its discretion in doing so. Concluding otherwise, we affirm.

# Facts and Procedural History

[2] On August 13, 2014, Dennis filed suit against the Association asserting negligence and breach of contract claims. The Association filed a motion to

---

[2] The other parties have been dismissed from the lawsuit.

dismiss on August 27, 2014, arguing that (1) it did not owe Dennis a duty and (2) Dennis failed to include the restrictive covenants relied on in her breach of contract claim. Dennis responded on September 2, 2014, by filing her first amended complaint to which she attached an unverified copy of the restrictive covenants. The Association renewed its motion to dismiss on September 19, 2014.

[3] On October 27, 2015, the trial court conducted a hearing on the Association's motion. At the conclusion of this hearing, the trial court dismissed the claims levied against the Association, stating the following:

> The Court has not found any place in the portions of the covenants that have been submitted where there's any obligation on the part of the [Association] to enforce those covenants; they have the power, they may, there's no absolute duty and there's no duty under contract, there's no duty on negligence. So I'll grant the motion to dismiss and the Defendant, [the Association], will be dismissed from this case.

Tr. p. 12. Dennis's motion to correct error was denied on December 16, 2015. She did not appeal either the dismissal of her claims against the Association or the denial of her motion to correct error.

[4] On April 12, 2016, Dennis filed a motion requesting permission to file a second amended complaint. Specifically, she sought to amend her claims against the Association and to bring the Association back into the lawsuit. Dennis relied on two pieces of allegedly newly-discovered evidence in support. The first piece included instructions given by the Association to the contractors building new

homes on property falling inside the Association's physical parameters. The instruction highlighted by Dennis reads as follows:

> Existing topography of the building lot is to be maintained as nearly as possible. Finished ground elevation of the sides and rear of the lot must meet the level of the adjacent lots not less than two (2) feet within the lot boundaries. The Building Control Committee shall not approve any plans, which adversely affect the drainage form said lot to the adjacent land.

Appellant's App. Vol. IV, p. 21. The second piece included a statement attributed to one of the Association's directors during an October 7, 2013 executive meeting of the Association indicating that the building plan for the home built adjacent to her home should not have been permitted through building control. Dennis asserted that these pieces of evidence bolstered her claim that the Association owed her a duty.

For reasons unclear in the record, the trial court did not conduct a hearing or rule on Dennis's motion. On July 18, 2017, Dennis asked the trial court to set a hearing on her April 12, 2016 motion. The Association filed an objection to Dennis's April 12, 2016 motion on August 1, 2017. The trial court conducted a hearing on December 7, 2017, after which it denied Dennis's request for permission to file a second amended complaint.

# Discussion and Decision

At the outset, we note that to the extent that Dennis's appellate arguments can be interpreted as a challenge to the propriety of the trial court's October 27,

2015 dismissal of the Association from the underlying action, such a challenge is untimely. We will therefore limit our review to whether the trial court abused its discretion in denying Dennis's request for permission to file a second amended complaint.

[7] Dennis contends that the trial court abused its discretion in denying her April 12, 2016 motion. Trial Rule 15(A) allows a party to amend her pleading one time as a matter of course if the request is filed within a certain time frame. After that, a party may amend her pleading "only by leave of court or by written consent of the adverse party; and leave shall be given when justice so requires." Ind. R. Trial P. 15(A).

> Although amendments to pleadings are to be liberally allowed, the trial court retains broad discretion in granting or denying amendments to pleadings. We will reverse only upon a showing of an abuse of that discretion. An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. We consider whether a trial court's ruling on a motion to amend is an abuse of discretion by evaluating a number of factors, including undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiency by amendment previously allowed, undue prejudice to the opposing party by virtue of the amendment, and futility of the amendment.

*Hilliard v. Jacobs*, 927 N.E.2d 393, 398 (Ind. Ct. App. 2010) (internal citations and quotation omitted).

[8] Dennis did not change her theory of recovery or add an additional theory of recovery in the proffered second amended complaint. She merely argues that allegedly newly-discovered evidence, *i.e.*, the building instructions and the statement during the October 7, 2013 executive meeting, bolsters her claim that the Association owed her a duty.

[9] It has long been "a familiar rule of practice, as applicable to all classes of cases, that a new trial will never be granted on account of newly-discovered evidence where, by the use of reasonable diligence, the newly-discovered evidence might have been obtained and used at the trial sought to be vacated." *Allen v. Bond*, 112 Ind. 523, 530, 14 N.E. 492, 495 (1887). As far as the Association is concerned, the proceedings were over and the matter had been resolved. Bringing it back into the case would, in effect, subject it to a new trial on the question of duty. As such, pursuant to the rationale of Indiana Supreme Court's decision in *Allen*, it would be inappropriate to bring the Association back into the lawsuit if the allegedly newly-discovered evidence could have been discovered by the use of reasonable diligence by Dennis before the Association was dismissed from the lawsuit.

[10] Dennis presents no argument that either piece of allegedly newly-discovered evidence could not have been discovered or was not available to her prior to initiation of the lawsuit. She does not dispute the Association's assertion that both the building instructions and the minutes from the executive meeting were available to members of the Association upon request well before the August 13, 2014 filing date. We conclude that Dennis failed to exercise reasonable

diligence by not requesting all relevant documents from the Association before initiating the underlying lawsuit. Given that both the building instructions and the minutes of the October 7, 2013 executive meeting were available to and could have been discovered by Dennis prior to initiation of the underlying lawsuit, neither qualifies as newly-discovered evidence sufficient to re-open the case against the Association. It would therefore be inappropriate and unduly prejudicial to allow Dennis another bite at the proverbial apple to prove duty.

[11] The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.